UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID ZEGER,** | ) | CASE NO. 1:07 CV 2399 |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | **JUDGE KATHLEEN M. O'MALLEY** |
|     v. | ) | |
| | ) | |
| **LOCK IT UP WEST, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     **Defendants.** | ) | |

On August 6, 2007, pro se Plaintiff David Zeger ("Plaintiff" or "Zeger") filed this diversity action against various corporate defendants. Zeger's ten-count Complaint (Doc. 1) alleges that his personal property, which he stored at the Lock It Up West ("Lock It Up") storage facility, was unlawfully removed from his storage unit and sold at auction. In connection therewith, Zeger also has filed an *Application to Proceed In Forma Pauperis* (Doc. 2).

For the reasons outlined herein, Counts 1, 2 and 5-10 are **DISMISSED**. Only Counts 3 and 4 will proceed. Zeger's *Application to Proceed In Forma Pauperis* (Doc. 2) is **GRANTED**.

**I.    BACKGROUND**

In May of 2004, Zeger entered into a rental contract with Lock It Up for the use of a storage unit located in Mansfield, Ohio. He alleges that, within thirty days of signing the contract, he moved from Ohio to Georgia. Thereafter, Zeger admits that he became delinquent on his rental

payments. As a result, Lock It Up purportedly sent a letter (dated March 24, 2006). In part, the letter stated:

> This is to inform you that your items in Unit 1047 will be in the next auction to be held . . . on May 21, 2006 at 2 P.M.
>
> To avoid this action, we will need to have payment in full before the auction dated above . . . . Balance due at this time is $230.46 . . . . Items to be auction [sic] will be as follows: Wagon, tools, lamp, shelf . . . .

(Doc. 1, Ex. C). Zeger alleges that he paid the outstanding balance within the time period specified in the letter. He further alleges that, as a result of his payment, Lock It Up verbally agreed to continue the contract.

Zeger alleges that, although payment was made in a timely manner, his personal property was later removed from his storage unit and sold at auction. He alleges that the defendants:

> . . . by force and without privilege to do so, knowingly and intentionally entered Unit 1047, to which notice against such unauthorized access was given by actual communication, with purpose and intent to forever deprive plaintiff of his property therein, in willful violation of Ohio Rev. Code §§ 2911.13, 2911.21, 2913.02, and 5322.03, an act of breaking and entering, criminal trespass, theft or wrongful taking, and conversion, a material breach of contract.

(Doc. 1 at ¶ 7). He further alleges that the defendants have failed to make restitution to him for the property that was sold.

## II. DISCUSSION

### A. Legal Standard

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

B.	Analysis

Zeger's Complaint contains 10 counts. Counts 1 and 2 allege violations of two Ohio criminal statutes – namely, Ohio Revised Code §2911.03 (breaking and entering) and §2913.02 (theft). Count 3 alleges conversation. Count 4 alleges breach of contract. Count 8 alleges conspiracy. The remaining counts – Counts 5, 6, 7, 9 and 10 – simply relate to the various types (and amounts) of damages Zeger seeks in connection with his other purported claims.

1.	**Counts 1, 2 and 8**

As noted, Counts 1 and 2 seek damages for alleged violations of ORC §§ 2911.13 and 2913.02. These statutes pertain to criminal offenses; they do not provide private rights of action available to a civil plaintiff. See American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc., 481 F.2d 90, 93 (6th Cir.1973). Accordingly, Counts 1 and 2 must be dismissed because they do not state claims upon which relief can be granted

In Count 8, Zeger alleges civil conspiracy. No factual allegations in the Complaint, however, provide a plausible basis for this claim. Rather, the claim is merely stated as a legal

---

[1]	An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Accordingly, Count 8 must be dismissed.

### 2. Counts 5, 6, 7, 9 and 10.

These counts do not state legal claims for relief; rather, they simply specify the character of the damages Zeger seeks to recover in connection with his affirmative claims. For example, Count 5 is captioned "Compensatory Damages." Similarly, Counts 6 and 7 are captioned "Liquidated Damages" and "Punitive or Exemploray [sic] Damages," respectively. Because these "counts" do not state legal claims for relief, they must be dismissed.[2]

### III. CONCLUSION

For the foregoing reasons, Counts 1, 2 and 8 are **DISMISSED** pursuant to 28 U.S.C. §1915(e). Because they only specify the damages Zeger seeks, but do not contain legal claims for relief, Counts 5, 7, 9 and 10 are likewise **DISMISSED**. This case will proceed solely on Zeger's claims for conversion and breach of contract contained in Counts 3 and 4, respectively.

Zeger's *Application to Proceed In Forma Pauperis* (Doc. 2) is **GRANTED**. The Clerk's Office is directed to forward the appropriate documents to the Untied States Marshal for service of process and shall include a copy of this Order with the documents to be served upon the defendants.

---

[2] This does not mean that, *if appropriate under the law in connection with the claims that go forward*, Zeger cannot recover the types of damages he specifies. These dismissals are meant merely to clarify the legal claims that will proceed.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that an *in forma pauperis* appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED.**

    s/ Kathleen M. O'Malley
**KATHLEEN M. O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 18, 2007**

---

[3]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.