David Zeger, *Pro Se-IFP*
1220 Peachtree Road
Suite A
Hoschton, GA 30548
dszeger@yahoo.com
(fax) 706.654.3293
David Zeger, *Pro Se-IFP*
1220 Peachtree Road
Suite A
Hoschton, GA 30548
dszeger@yahoo.com
(fax) 706.654.3293



FILED 2009 SEP 24 PM 4:50
NORTHERN DISTRICT COURT
CLEVELAND OF OHIO

# United States District Court
## Northern District of Ohio
### Eastern Division

| | |
|---|---|
| David Zeger, | Case No.: 1:07 CV 2399 |
| Plaintiff, Pro-Se, | |
| vs. | Magistrate Judge Baughman, Jr. |
| LOCK-IT-UP WEST, et al., | **MOTION IN LIMINE** |
| Defendant(s) | |

I, DAVID ZEGER, PLAINTIFF PRO-SE, come now and move the court on Motion in Limine based on the fact that the proposed testimony of the defendant's so-called expert witness, Frank Foti Auctioneer and Appraisals, LLC., is neither relevant nor reliable. Rule 702 of the FRE (Federal Rules of Evidence) requires the testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" goes to relevance by demanding a valid connection to the pertinent inquiry as a precondition to admissibility. No such connection can be made between the subject property and Foti.

The *Kumho* court held that "the basic gate keeping obligation of a trial judge under *Daubert* extends to include technical or other specialized knowledge." *Kumho* at II, A (citing *Daubert* at 589-590 (internal quotes omitted)). The nature of "technical or other specialized knowledge" at issue in the instant involves methodology when determining valuation of personal property. Foti asserts his expertise is derived primarily from "over 35 years in valuing antiques, collectibles and rare coins." ECF Doc. 91-1, p. 7. However, the instant case at bar requires valuation of property outside Foti's alleged expertise. While the subject property includes some antiques, collectibles and rare coins, the bulk of the personalty can not be categorized according to Foti's supposed experience. Neither has Foti personally examined or inspected the subject property.

Furthermore, the *Kumho* court was most concerned with "the methodology employed by the expert in analyzing the data obtained" and the basis for such analysis. In Re: *Carmichael v Samyang*

Motion in Limine
-1-

*Tires,* 1996 U.S. Dist. LEXIS 22431 6c. The *Kumho* court concluded "that *Daubert's* general principles apply to the expert matters described in Rule 702. The Rule, in respect to all such matters, establishes a standard of evidentiary reliability. 509 U.S. 590. It requires a valid... connection to the pertinent inquiry as a precondition to admissibility. 509 U.S. at 592. And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question... the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline." 526 U.S. 137 (In Re: 509 U.S. 590, 592 (internal quotes omitted)). *Kumho* established a 5 prong test in determining admissibility of evidence based upon reliability of expert testimony under Rule 702: 1) Whether a theory or technique can be and has been tested; 2) Whether it has been subjected to peer review and publication; 3) Whether in respect to a particular technique there is a high rate of known and potential error; 4) Whether there is standards controlling the technique's operation; And 5) Whether the theory or technique enjoys general acceptance within a relevant scientific, technical or other specialized community.

    The Foti appraisal report fails test on all 5 prongs respectively. 1) Foti's theory or technique involves appraisal based on property that he did not personally inspect or examine; 2) Foti's technique and methodology employed in deriving valuation appraisal on property unseen is questioned or condemned within the relevant community; 3) Naturally, any appraisal based on property where the property is not available for inspection, is highly speculative and presents significant margin for error; 4) USPAP is the governing branch under The Appraisal Foundation of which is authorized by Congress as the source of appraisal standards and appraiser qualifications. Foti's appraisal report fails to meet such standards. (*See:* ECF Doc. 92); 5) The case presently at bar before this court deals specifically with replacement value, replacement cost, loss of use value and intrinsic value. The Foti Appraisal Report does not include consideration on any one of these measurements.

    It is obvious that Foti lacks sufficient knowledge to assist the jurors in deciding the particular issues in the case currently at bar and should therefore not be admissible testimony.

Respectfully submitted September 21st, 2009,

*[signature]*

1220 Peachtree Road
Suite A
Hoschton, GA 30548
dszeger@yahoo.com
David Zeger, Pro Se

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion was served by regular USPS mail and via email this 21st day of September, 2009 upon Attorney John Tarkowsky, 3 North Main Street, Suite 500, Mansfield, Ohio 44902, jtarkowsky@baranlaw.com.

*[signature]*

1220 Peachtree Road
Suite A
Hoschton, GA 30548
dszeger@yahoo.com
David Zeger, Pro Se