IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID ZEGER, | : Case No.: 1:07 CV 2399 |
| Plaintiff, | : DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE |
| vs. | : |
| LOCK-IT-UP WEST, | : |
| Defendant | : |

Now comes Defendant, Lock-It-Up West, by and through the undersigned counsel, and hereby responds to Plaintiff's Motion in Limine seeking to exclude the testimony of Expert Frank Foti pursuant to *Daubert v. Merrell Dow Pharms.* (1993), 125 L. Ed. 2d 469 and its progeny. Plaintiff, without foundation to do so, objects to Expert Foti's testimony, speculating that, while Foti has over 35 years of experience in valuing antiques, collectibles, and rare coins, "the instant case at bar requires valuation of property outside Foti's alleged expertise," and "the bulk of the personalty can not (sic) be categorized according to Foti's supposed experience." (Plaintiff's Motion in Limine, 1). Notably, Plaintiff objects to Expert Foti's testimony without foundation to do so. Plaintiff has failed to depose Expert Foti and is left to merely speculate as to the breadth of Foti's education, training, and experience. Plaintiff has additionally failed to establish what methodology Expert Foti employed in appraising Plaintiff's property.

Nonetheless, Plaintiff asserts *Daubert* as a basis for his objection, so Defendant is compelled to respond. *Daubert* concerns the issue of whether the

underlying principles and methodology employed by an expert are *reliable*;[1] importantly, *Daubert* does not concern whether expert's results are *credible*. Id at 485 (emphasis added). The only issue raised by Plaintiff's Motion in Limine is whether Expert Foti possesses the *expertise* and *experience* to testify as a witness. (Plaintiff's Motion in Limine, 1). There is no genuine, substantive issue raised with regard to the methodology employed by Expert Foti in valuing personal property. A *Daubert* hearing, which is designed to address the reliability of scientific and technical issues outside the presence of a jury, is not the appropriate vehicle to determine whether Frank Foti may testify regarding his appraisal of Plaintiff's personal property.

Plaintiff's Motion in Limine must fail at this time because he raises an issue that is not yet ripe for adjudication. Plaintiff's only substantive issue raised in his motion in limine is whether Expert Foti has the expertise necessary to appraise his personal property. At the trial, Plaintiff is certainly entitled to *voir dire* the witness *in camera* regarding his qualifications to testify as an expert. He may object at that time to Expert Foti's qualifications as an expert witness. If Plaintiff feels that Expert Foti's education, training, and experience fall outside the subject matter of his testimony, Plaintiff may otherwise cross examine him to determine whether he possesses the requisite qualifications to appraise the property and Plaintiff may cross examine him regarding the conclusions that he reached. As such, Plaintiff's Motion in Limine should be denied.

Plaintiff also complains that Expert Foti should not be permitted to testify because he never "examined or inspected the subject property." (Plaintiff's Motion in Limine, 1). First, as a practical matter, Plaintiff has the burden of proving that the personal property at issue ever existed. Plaintiff further has the burden of proving that he not only stored the property in the custody of Lock-It-Up West immediately prior to the auction, but also that Lock-It-Up West caused him to be deprived of the property. Second, Plaintiff's claim discounts the fact that Expert Foti did examine a number of the items that either failed to sell at auction or

---

[1] For that reason, the Court in *Kumho Tire Co. v. Carmichael* (1999), 526 U.S. 137, when interpreting *Daubert*, established a five prong analysis to evaluate whether a new and relatively unknown methodology is scientifically reliable for presentation in a courtroom: 1) whether the theory or technique can be tested, 2) whether it is subject to peer review, 3) whether there is a high rate of known and potential error, 4) whether there are control standards, and 5) whether the theory enjoys general acceptance within a relevant scientific, technical, or specialized community.

that Lock-It-Up West gratuitously recovered for the Plaintiff after the auction. With regard to the items that Expert Foti had the occasion to observe, he determined that the items were in poor quality and of nominal value.

Finally, even assuming, *arguendo*, that a finder of fact were to determine that the property existed and that Lock-It-Up West is legally responsible for its loss, the fact that Expert Foti has not personally examined or inspected the subject property does not preclude him from estimating the value of the property based upon the description that Plaintiff has provided.  The purpose of expert testimony is to assist the trier of fact with specialized knowledge.  Fed. Evid. R. 702.  **Clearly, the standard of admissibility is not limited to what a witness personally examined or inspected.  With proper foundation, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."**  Id.

For the foregoing reasons, Plaintiff's Motion in Limine should be denied.

                                        Respectfully submitted,

                                        BARAN, PIPER, TARKOWSKY,
                                        FITZGERALD & THEIS, CO., LPA


                                        /s/ John Tarkowsky_____
                                        John Tarkowsky (0008766)
                                        3 N. Main St., Suite 500
                                        Mansfield, Ohio 44902
                                        jtarkowsky@baranlaw.com
                                        Ph:  (419) 524-6682
                                        Fax: (419) 525-4571
                                        Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that I served a true and accurate copy of the above Defendant's Response to Plaintiff's Motion in Limine was served by e-mail and regular U.S. mail to David Zeger, 1220 Peachtree Road, Suite A, Hoschton, GA 30548, dszeger@yahoo.com, this 28th day of September, 2009.

                                     BARAN, PIPER, TARKOWSKY,
                                     FITZGERALD & THEIS, CO., LPA


                                     /s/ John Tarkowsky_____
                                     John Tarkowsky (0008766)
                                     3 N. Main St., Suite 505
                                     Mansfield, Ohio 44902